### JOSEPH E. ALLEN v. STAATS S. MORRIS.

1. A person purchasing *pendente lite* is treated as a purchaser with notice, and subject to all the equities of the person under whom he claims, and is bound by the decree that may be made against the person from whom he derives title.
2. The rule applies only to cases in which the purchaser derives title from one of the parties litigant; if he claims adversely to both parties, by title paramount, the proceedings in which he is neither party nor privy cannot bind him.

In replevin. On rule to show cause, &c.

The facts are set forth in the opinion delivered.

Argued before BEASLEY, CHIEF JUSTICE, and DALRIMPLE, DEPUE, and VAN SYCKEL, Justices.

For plaintiff, *George C. Ludlow.*

For defendant, *H. V. Speer.*

Authorities cited by plaintiff's counsel :
2 *Dan. Chan. Prac.* 1000 ; 2 *Blackf. R.* 230 ; *Dale et al., ex'rs*, v. *Roosevelt*, 1 *Paige* 35 ; *Griswold* v. *Jackson*, 2 *Edw. C. R.* 461 ; *Murray* v. *Ballou*, 1 *Johns. C. R.* 566 ; 6 *Paige* 335 ; 3 *Barb. C. R.* 438 ; 2 *Smith's Lead. Cases* 692.

Authorities cited by defendant's counsel :
*Story's Eq. Pl.*, §§ 194, 156, 342, 351 ; 1 *Story's Eq. Jur.*, § 406 ; 2 *Ib.* 908 ; *Winchester* v. *Paine*, 11 *Ves.* 199 ; *Bishop*

*of Winchester* v. *Beavor,* 3 *Ves.* 314; *Haines* v. *Beach,* 3 *Johns. C. R.* 459; 2 *Beas.* 300; 2 *Comst.* 269; *Cook and Kane* v. *Mancius et al.,* 5 *Johns. C. R.* 89.

The opinion of the court was delivered by

DALRIMPLE, J.   Pending proceedings of foreclosure of a chattel mortgage, levies were made upon the mortgaged chattels, by virtue of executions at law against the mortgagor, in favor of third persons.   Thereupon, the chattels in question were sold at sheriff's sale, and purchased by the plaintiff in this suit.   Afterwards, final decree was entered in the foreclosure suit, in favor of the complainant therein, and a *fi. fa.* issued and placed in the hands of the defendant in this suit, who is a master in chancery.   A levy having been made, by virtue of the *fi. fa.* out of chancery, on the chattels mortgaged, the plaintiff in this suit brought his action of replevin, and obtained a verdict in the Middlesex Circuit.

The first question submitted to the court is, whether the plaintiff, having purchased pending the proceedings in foreclosure, is concluded by the decree therein, so that he cannot question the validity of the mortgage, to foreclose which the proceedings in chancery were instituted.   The general rule upon this subject is stated by Sir William Grant, in the case of *The Bishop of Winchester* v. *Paine,* 11 *Ves.* 194, as follows: "He who purchases during the pendency of the suit is bound by the decree that may be made against the person from whom he derives title; the litigating parties are exempted from the necessity of taking any notice of a title so acquired.   As to them, it is as if no such title existed." Chancellor Green, in the case of *McPherson* v. *Housel,* 2 *Beas.* 301, states the rule thus: "A person purchasing *pendente lite* is treated as a purchaser with notice, and is subject to all the equities of the person under whom he claims; and he who purchases during the pendency of the suit is bound by the decree that may be made against the person from whom he derives title, and the litigating parties are exempted from taking any notice of the title so acquired."

Therefore, he who purchases *pendete lite* can only acquire the interest remaining in his vendor after the demands of the adverse party, as ascertained by the trial pending, shall have been fully satisfied—in other words, the purchaser stands in no better position than his vendor, but takes the title of the vendor only, subject to all the burthen of the suit pending. I will only refer to, without discussing, some of the numerous authorities which support the doctrine as above stated. *Murray* v. *Ballou*, 1 *Johns. C. R.* 574; *Griswold* v. *Jackson*, 2 *Edw. C. R.* 466; *Murray* v. *Ballou*, 1 *Johns. C. R.* 576; *Metcalfe* v. *Pulvercroft*, 2 *Ves. & B.* 205; *Sorrell* v. *Carpenter*, 2 *P. Wms.* 482; *Moore* v. *McNamara*, 2 *Ball & Beat.* 187.

It will be seen that the rule, as well as the reason on which it is founded, relates only to cases in which the purchaser derives title from one of the parties litigant. If he claims adversely to both parties, by title paramount, the proceedings to which he is neither party nor privy cannot bind him. The judgment or decree only settles the rights of the parties to the suit, and those claiming under or deriving title from them. In the case at bar, the plaintiff claimed and proved on the trial that the mortgage which was in process of foreclosure when the goods were sold on the executions at law, was made to hinder, delay, and defeat creditors, and therefore fraudulent, and, as against creditors, in the words of the statute of frauds, "utterly void." The plaintiff did not claim under or derive title from either party to the foreclosure suit. His claim was adverse to both, and, as to him, the mortgage and the proceedings to enforce the same, to which he was not a party, were void and of no effect. In the words of Judge Gardiner, in the case of *Candee* v. *Lord*, 2 *Comst.* 277, "where fraud is established, the creditor does not claim through the debtor, but adversely to him and by title paramount, which overreaches and annuls the fraudulent conveyance or judgment, by which the latter himself would be estopped." In no proper sense can the plaintiff's title be said to be consistent with the mortgage or the decree

founded thereon. He claims under the mortgagor's creditors, whose rights stand wholly unaffected by the proceedings in foreclosure. If the mortgage was made with intent to defraud creditors, a decree of foreclosure founded thereon, in a trial between mortgagor and mortgagee, could in no wise affect the creditors' rights, nor estop them from denying, in any subsequent suit, that the mortgage was void for fraud, in law or fact. A foreclosure of the mortgagor's equity of redemption, in a suit to which the creditors were not parties, could in no wise prejudice them or those claiming under them. It may have been that the mortgagor, as against the mortgagee, retained but an equity of redemption. The judgment creditors acquired a lien paramount to the mortgage. If the mortgage, as to creditors, was void, the purchaser at sheriff's sale acquired title not to a bare equity of redemption, but to the entire interest of the defendant in execution, unencumbered by the mortgage.

It was further insisted that the proceedings in foreclosure were in the nature of proceedings *in rem*, and fixed the rights of all in any wise interested in the chattels which were the subject matter of litigation in that suit. Proceedings in foreclosure are not, properly speaking, proceedings *in rem*. The distinction between proceedings *in rem* and *inter partes* is, that in the one, the property itself is the subject matter of adjudication, and the decree or judgment of the court determines the *status* or condition of the property; in the other, the proceedings are between parties whose right or title is alone in controversy. This distinction is clearly drawn in a very able and interesting opinion of Judge Hall, in the case of *Woodruff* v. *Taylor*, 20 *Vt.* 65.

No error appearing in the trial at the circuit, the rule to show cause must be discharged, with costs.